1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

14

15

| | |
|---|---|
| ALAN J. VEYS,<br><br>                    Plaintiff,<br><br>    v.<br><br>DON W. RISKE; RISKE, SALISBURY &<br>KELLY, P.C.; RISKE & SALISBURY, P.C.;<br>and RISKE & ARNOLD, P.C.,<br><br>                    Defendants. | CASE NO. C07-5625BHS<br><br>ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>WITHDRAW THE REFERENCE |

16

17

18

        This matter comes before the Court on Defendants' Motion to Withdraw the Reference
(Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the
motion and the remainder of the file and grants the motion for the reasons stated herein.

19

                    **I. FACTUAL AND PROCEDURAL BACKGROUND**

20

21

22

23

24

        The facts underlying this matter, as alleged by Alan J. Veys in his adversary proceeding
complaint, are as follows: Mr. Veys resides in Alaska and owns Lone Eagle Resorts, Inc. ("Lone
Eagle Resorts") and Alan J. Veys Properties, LLC ("Alan J. Veys Properties"). Dkt. 1-6, Exh. 1
at 6. Lone Eagle Resorts operates the Pybus Point Lodge ("the Lodge") on property owned by
Alan J. Veys Properties. Dkt. 1-6, Exh. 1 at 7-8.

25

26

27

        On December 20, 2005, buyers interested in purchasing the Lodge obtained a $3 million
judgment in Wyoming state court against Mr. Veys for breach of contract. Dkt. 1-6, Exh. 1 at 7.

28

1    Mr. Veys filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Dkt. 1-6,

2    Exh. 1 at 6.

3        Mr. Veys was represented in the Wyoming litigation by Don W. Riske, who resides in

4    Wyoming and is licensed to practice law in that state. Dkt. 1-6, Exh. 1 at 6-7. Mr. Riske is a

5    member of Riske, Salisbury & Kelly P.C., a professional corporation operating as a law firm in

6    Wyoming. Dkt. 1-6, Exh. 1 at 6. Mr. Riske was also a member of two predecessor professional

7    corporations: Riske & Salisbury, P.C. and Riske & Arnold, P.C. Dkt. 1-6, Exh. 1 at 6.

8        Mr. Veys contends that the judgment against him in the Wyoming litigation resulted from

9    the professional negligence of Mr. Riske and that Mr. Veys, Alan J. Veys Properties, and Lone

10   Eagle Resorts would not have filed for bankruptcy absent such malpractice. Dkt. 1-6, Exh. 1 at 6.

11   Mr. Veys claims that Mr. Riske committed legal malpractice and objects to a proof of claim filed

12   by Riske, Salisbury & Kelly, P.C. in the Alan J. Veys Properties bankruptcy case. Dkt. 1-6, Exh.

13   1 at 9, 12.

14       Pending before the Court is Defendants' Motion to Withdraw the Reference (Dkt. 1).

15   Defendants contend that withdrawal of the reference is appropriate because there is a jury

16   demand, the issues presented are noncore, and judicial economies would be served. Dkt. 1 at 5.

17                                    **II. DISCUSSION**

18       All Title 11 bankruptcy cases and proceedings are referred to the bankruptcy judges of

19   this district. 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title

20   11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11

21   shall be referred to the bankruptcy judges for the district."); Local Rule GR 7 § 1.01 ("This court

22   hereby refers to the bankruptcy judges of this district all cases under Title 11, and all

23   proceedings arising under Title 11 or arising in or related to cases under Title 11.").

24       The authority of bankruptcy judges depends upon whether the matter constitutes a "core"

25   proceeding or a "noncore" proceeding. *See* 28 U.S.C. § 157. There is no exact definition of a

26   core proceeding. *In re Cinematronics, Inc*., 916 F.2d 1444, 1449 (9th Cir. 1990). A non-

27   exhaustive list of core proceedings appears at 28 U.S.C. § 157(b)(2). To determine whether a

28

1    proceeding constitutes a core proceeding, courts consider factors such as whether the rights

2    involved are independent from Title 11, whether the rights depend on state law, whether the

3    rights preceded the bankruptcy petition, and whether the rights were significantly affected by the

4    bankruptcy petition. *In re Cinematronics, Inc.*, 916 F.2d at 1450 n.5. Bankruptcy courts "may

5    enter appropriate orders and judgments" in core proceedings but must submit proposed findings

6    of fact and conclusions of law to the district court for de novo review in noncore proceedings. 28

7    U.S.C. §§ 157(b)(1), (c)(1). It is the responsibility of the bankruptcy judge, sua sponte or upon a

8    motion of a party, to determine whether a proceeding constitutes a core proceeding. 28 U.S.C. §

9    157(b)(3). Such a determination is not to be made solely on the basis that resolution of the

10   proceedings may be affected by state law. *Id.*

11          The district court may withdraw its reference to the bankruptcy court, in whole or in part,

12   sua sponte or on motion of any party. 28 U.S.C. § 157(d). If "resolution of the proceeding

13   requires consideration of both title 11 and other laws of the United States regulating

14   organizations or activities affecting interstate commerce," withdrawal of the reference is

15   mandatory. *Id.*; *Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,

16   124 F.3d 999, 1008 (9th Cir. 1997). Withdrawal is permissive "for cause shown." 28 U.S.C. §

17   157(d); *Security Farms*, 124 F.3d at 1008. To determine whether cause exists, courts consider

18   "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy

19   administration, the prevention of forum shopping, and other related factors." *Security Farms*,

20   124 F.3d at 1008. Where noncore issues predominate, withdrawal may promote efficiency

21   because a single proceeding in the district court could avoid unnecessary costs implicated by the

22   district court's de novo review of bankruptcy court determinations. *Id.*

23          Withdrawal may also be necessitated by a jury demand. Parties may consent to have the

24   bankruptcy judge conduct a jury trial. Fed. R. Bankr. P. 9015(b); 28 U.S.C. § 157(e) ("If the

25   right to a jury trial applies . . . the bankruptcy judge may conduct the jury trial if specially

26   designated to exercise such jurisdiction by the district court and with the express consent of all

27   the parties."). If the parties fail to consent to a jury trial of noncore issues before a bankruptcy

28

1    judge and the Seventh Amendment affords a right to trial by jury, withdrawal is appropriate. *In*

2    *re Cinematronics, Inc.*, 916 F.2d at 1450 n.5. To fail to withdraw the reference could cause a

3    violation of either the Seventh Amendment or the bankruptcy code:

4           If the district courts refused to review bankruptcy court jury verdicts on
            noncore matters with the de novo standard, they would be acting contrary to
5           express statutory mandate, *see* section 157(c)(1). Yet, if they reviewed the
            bankruptcy court verdicts de novo they would be at odds with the Seventh
6           Amendment.

7    *Id.* at 1451.

8           Defendants contend that withdrawal of the reference is necessitated by Plaintiff's jury

9    demand because Defendants have not consented to a jury trial before the bankruptcy court and

10   because Plaintiff's claims are noncore. Dkt. 1 at 5.

11   **A.     CORE OR NONCORE PROCEEDING**

12          Mr. Veys contends that his adversary proceeding constitutes a core proceeding in several

13   respects. First, Mr. Veys contends that the malpractice claim is a core proceeding because Riske,

14   Salisbury & Kelly P.C. filed a proof of claim to which Mr. Veys objects. Dkt. 1-5 at 3. Mr. Veys

15   cites *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 705 (9th Cir. 1995), in which the Ninth

16   Circuit held that a creditor that "filed a claim resulting in an adversary proceeding that involved

17   the 'allowance or disallowance of claims against the estate'" under 28 U.S.C. § 157(b)(2)(B)

18   subjected itself to the bankruptcy court's core jurisdiction because the determination of whether

19   to allow claims is at the core of bankruptcy court jurisdiction. Mr. Veys further contends that

20   Riske, Salisbury & Kelly P.C.'s proof of claim renders the adversary proceeding a counterclaim

21   by the estate and a core proceeding under 28 U.S.C. § 157(b)(2)(C). In this case, Mr. Veys does

22   not contend that his adversary proceeding involves the allowance or disallowance of claims.

23   Moreover, even if the Court were persuaded that Riske, Salisbury & Kelly P.C.'s proof of claim

24   invokes the bankruptcy court's core jurisdiction, Riske, Salisbury & Kelly P.C. is but one of four

25   defendants in Mr. Veys's adversary proceeding. The other defendants have not filed proofs of

26   claim and therefore have not subjected themselves to the bankruptcy court's core jurisdiction. As

27   to the other defendants, Mr. Veys's adversary proceeding does not constitute a counterclaim.

28

Next, Mr. Veys contends that his legal malpractice claim falls within one of the two catchall provisions of 28 U.S.C. § 157(b)(2). Dkt. 1-5 at 4. Mr. Veys contends that his adversary proceeding for legal malpractice constitutes a "proceeding[] affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2)(O); *Id.* Mr. Veys fails to cite any portion of the Confirmed Plan supporting his view that the outcome of the adversary proceeding will affect the liquidation of estate assets. *But see* Dkt. 1-10, Exh. B at 23 (Debtors' Amended Joint Disclosure Statement listing sources for repayment under the Plan as "proceeds from lodge operations, investment income, sales of securities, or the sale of property on an orderly basis."); Dkt. 1-10, Exh. C at 34 (Debtors' Pre-Confirmation Memorandum listing the same sources). Mr. Veys fails to persuade the Court that the adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(O).

Mr. Veys having failed to convince the Court that his adversary proceeding constitutes a core proceeding under 28 U.S.C. § 157(b)(2), the Court now turns to consideration of the factors distinguishing core and noncore proceedings. First, Mr. Veys's malpractice claim asserts rights independent from Title 11. *See In re Cinematronics, Inc.*, 916 F.2d at 1450 n.5. Second, resolution of Mr. Veys's malpractice claim will depend on state law. *See id.* Third, the rights Mr. Veys asserts preceded his bankruptcy petition. *See id.* Finally, it does not appear that the adversary proceeding has been or will be significantly affected by the bankruptcy petition. *See id.* The Court therefore concludes that Mr. Veys's adversary proceeding constitutes a noncore proceeding.

## B.   PROPRIETY OF WITHDRAWAL

Having determined that Mr. Veys's adversary proceeding constitutes a noncore proceeding, the Court now addresses whether there is cause to withdraw the reference under 28 U.S.C. § 157(d). In light of the noncore nature of Mr. Veys's adversary proceeding, withdrawal would promote efficient use of judicial resources. *See Security Farms*, 124 F.3d at 1008.  It appears that delay and costs associated with withdrawal would be insignificant because Mr.

1   Veys's adversary complaint is in its early stages. Withdrawal would not disrupt the uniformity of

2   bankruptcy administration because, as discussed above, Mr. Veys's adversary complaint is

3   largely independent from issues of bankruptcy administration. Furthermore, the Court is not

4   concerned that withdrawal of the reference would promote forum shopping, as alleged by

5   Plaintiff. Finally, Defendants refuse to consent to a jury trial in bankruptcy court. Consideration

6   of the above factors supports withdrawal of the reference.

7   **C.      TIMING OF WITHDRAWAL**

8           The right to a jury trial and the parties' failure or refusal to consent to a jury trial of

9   noncore issues in bankruptcy court does not require immediate withdrawal of the reference. The

10  bankruptcy court may retain jurisdiction to address pretrial matters, including discovery, pretrial

11  conferences, and routine and dispositive motions. *In re Healthcentral.com*, No. 04-17565 WL

12  2743497, at *9 (9th Cir. Sept. 21, 2007). Referral to the bankruptcy court promotes judicial

13  economy and efficiency by making use of that court's unique knowledge of Title 11 and

14  familiarity with the actions before it. *Id.* To promote these principles, district courts should

15  therefore "allow[] the bankruptcy court to retain jurisdiction over the action until trial is actually

16  ready." *Id.*

17          In this case, Mr. Veys contends, in part, that the Motion to Withdraw the Reference (Dkt.

18  1) should be denied because the bankruptcy court is qualified to hear pretrial matters on Mr.

19  Veys's legal malpractice claim. Dkt. 1-5 at 7. In their reply, Defendants contend that "[b]ecause

20  only the district court may conduct a jury trial, the district court should hear all matters

21  concerning this case out of concerns for judicial efficiency and judicial economy." Dkt. 1-7 at 4-

22  5.

23          The adversary proceeding does not implicate the bankruptcy court's unique knowledge of

24  Title 11. Declining to withdraw the reference of this matter to the bankruptcy court would not

25  promote principles of judicial economy and would instead needlessly require the time and

26  attention of two courts rather than one.

27

28

ORDER - 6

1

**D.      BANKRUPTCY COURT'S RETENTION OF JURISDICTION**

2
3
4
5
6
7
8
9
10

Mr. Veys contends that Article 9 of the Confirmed Plan vests the bankruptcy court with jurisdiction over the adversary proceeding. Dkt. 1-5 at 5. Specifically, Mr. Veys cites paragraph 9.1(h), under which the bankruptcy court retains jurisdiction "to adjudicate adversary proceedings and contested matters pending or hereafter commenced in this Chapter 11 Case." Dkt. 1-6, Exh. 3 at 35. While the Confirmed Plan "bind[s] Debtors, Reorganized Debtors and all holders of Claims and Interests," it does not appear that any Defendants other than Riske, Salisbury & Kelly P.C. are bound by the Confirmed Plan, and Plaintiff does not so contend. Moreover, the bankruptcy court's retention of jurisdiction over adversary proceedings presupposes continued reference of such matters to the bankruptcy court.

11

**III. ORDER**

12

Therefore, it is hereby

13

**ORDERED** that Defendants' Motion to Withdraw the Reference (Dkt. 1) is **GRANTED**.

14

DATED this 28th day of November, 2007.

15
16
17

_____

18

BENJAMIN H. SETTLE
United States District Judge

19
20
21
22
23
24
25
26
27
28

ORDER - 7